COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JERRY GEORGE BERKOWITZ, | § | No. 08-12-00137-CV |
| Appellant, | § | Appeal from the |
| v. | § | 342nd District Court |
| | § | of Tarrant County, Texas |
| BANK OF AMERICA, N.A., ACCURATE COMMUNICATIONS, INC., and GVA CAWLEY | § | (TC# 342-249828-10) |
| Appellees. | § | |

**<u>MEMORANDUM   OPINION</u>**

This appeal is before the Court on its own motion to determine whether the appeal should be dismissed.   Although Appellant has timely filed a notice of appeal, he has failed to tender the required filing fee and file the clerk's record.   We therefore dismiss the appeal.

Unless excused by statute or rule, an appellant must pay the required filing fees when filing a notice of appeal.   *See* TEX.R.APP.P. 5 (requiring parties to pay the filing fees at the time an item is presented for filing); *see also* TEX.R.APP.P. 20.1(c)(requiring that an affidavit of indigence be filed before or with the notice of appeal).   Likewise, unless excused, an appellant must also pay the trial court clerk for preparing the clerk's record to ensure the record is filed.   *See* TEX.R.APP.P. 35.3(a)(2)(requiring trial court clerk to prepare and file record if party has paid or made arrangements to pay).   If an appellant fails to pay the filing fee and to pay, or make arrangements to pay, the trial court clerk to prepare the record, an appeals court may dismiss the appeal on its own initiative.   *See* TEX.R.APP.P. 37.3(b)(permitting appeals court, on its own initiative, to dismiss appeal for want of prosecution if appellant fails to pay or make arrangements

to pay the trial court clerk to prepare the record); TEX.R.APP.P. 42.3(b), (c)(permitting appeals court, on its own initiative, to dismiss appeal if appellant fails to prosecute the appeal or to comply with the requirements of the appellate rules or with a notice from the clerk of the appeals court requiring some action).

On March 30, 2012, Appellant filed his notice of appeal, but did not tender the required $175 filing fee or submit an affidavit of indigence. By letter dated April 4, 2012, the Clerk of the Second Court of Appeals informed Appellant that a docketing statement was to be filed and the filing fee was to be remitted by April 16, 2012 and that failure to tender the filing fee could result in dismissal of the appeal. However, Appellant did not respond to this letter. By letter dated April 25, 2012, the Clerk of the Second Court of Appeals informed the parties that the appeal had been transferred by the Texas Supreme Court to this Court. By letter dated April 27, 2012, the Clerk of this Court again informed Appellant that the requisite filing fee had not been paid, instructed him to pay within 20 days, and advised him that failure to do so could result in dismissal of the appeal. Appellant did not respond to this letter. By letter dated May 9, 2012, the Clerk of this Court informed Appellant that the trial court clerk had notified her that Appellant had not paid, or made arrangements to pay, the trial court to prepare the record, which had been due on May 5, 2012. In the same letter, the Clerk of this Court gave Appellant notice of its intent to dismiss the appeal for want of prosecution unless, within 10 days, he could show cause for continuing the appeal. Appellant did not respond to this letter.

As established above, this Court has the authority to dismiss an appeal if an appellant fails to prosecute the appeal or to comply with the appellate rules or with a notice from the clerk requiring a response or other action within a specified time. *See* TEX.R.APP.P. 37.3(b), 42.3(c).

2

Although twice instructed to tender the filing fee and twice warned that failure to do so could result in dismissal of the appeal, Appellant has failed to tender the filing fee and to respond to the Clerk's letters.   Moreover, Appellant has failed to pay or make arrangements to pay the trial court clerk to prepare the record and none has been filed.   Accordingly, we dismiss the appeal with prejudice.


July 5, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

3